Texas & Pacific Railway Company v. H. B. Barnhart.

No. 66.

1. **Carriers — Liability of Connecting Lines.** — Where a horse passes over several lines of railway in transit, the connecting line completing the transportation and delivering the animal in a damaged condition, will be liable therefor, in the absence of evidence that it received the animal in that condition. Hutch. on Carr.. sec. 761.

2. **Statutory Penalties — Receivers.** — A railway company is not liable for a penalty imposed by statutes for failure to feed animals shipped over its road, when the failure occurred while the road was in the hands of a receiver.

ON REHEARING.

3. **Carriers—Liability in Hands of Receiver.**—In an action against a railway company for injuries to a horse, shipped over defendant's line while in the hands of a receiver, the defense was set up, that the improvements made on the road during the receivership were not paid for out of the receiver's net earnings. The burden is on defendant to show that earnings applied by the receiver to such improvements were not net earnings.

Appeal from the County Court of El Paso. Tried below before Hon. Allen Blacker.

*Peyton F. Edwards* and *W. C. McGown,* for appellant.— 1. The horse was received by another railway company and passed over two lines of railway before coming into the hands of the receiver of defendant's road. There being no joint liability of the several lines for injury, plaintiff must show that this injury was done by defendant's company in order to recover. Railway v. Williams, 77 Texas, 121; Railway v. Dwyer, 75 Texas, 572; Railway v. Baird, 75 Texas, 256; Railway v. Tisdale, 74 Texas, 8; Railway v. Van Wenken, 3 Willson's C. C., sec. 443; Railway

v. Ryan, 2 Willson's C. C., sec. 431; Railway v. Park, 1 W. & W. C. C., sec. 333.

2. The penalty is not such a debt, contract, or obligation incurred by the receiver as would be a legal charge against the property of the defendant. Sayles' Dig., art. 284; Bisp. Prin. Eq., 238, sec. 181; Pome. Eq. Jur., secs. 459, 460; Carr v. Fisher, 119 N. Y., 117; Brookell v. Griswold, 9 N. E. Rep., 438; Davis v. The State, 119 Ind., 555.

*Clark & Barnhart*, for appellee.— 1. Through bill of lading, through freight charges, and payment of freight to one agent are sufficient to establish a partnership between lines over which the horse was transported. Hutch. on Carr., sec. 152; Laws. on Carr., sec. 357; 11 S. W. Rep., 900; 74 Texas, 74.

2. The court properly rendered judgment for the penalty. The suit was for a penalty, not a forfeiture. Railway v. Johnson, 76 Texas, 421; Railway v. Ovenheiser, 76 Texas, 437.

JAMES, Chief Justice.—*Conclusions of Fact.*—1. Appellee shipped his family horse by through shipment from Austin, Texas, to El Paso, Texas, over the International & Great Northern Railway and Missouri, Kansas & Texas Railway and Texas Pacific Railway, the last named being the line delivering the animal at El Paso. Appellant paid the freight at Austin, after both the other lines had been consulted as to fixing the through rate.

2. There was no evidence showing that any of the lines had limited its liability to its own line, and no evidence that the contract required claim of damages to be made within a given time.

3. There was evidence to show that the horse when delivered for shipment was in good condition, and on arriving at El Paso was in such a damaged condition that he was practically worthless.

4. The evidence did not show the condition of the horse when received by appellant's road, and did not show that any injuries were inflicted prior to the time it was received by appellant; and the only evidence that the horse was fed and watered while on appellant's road (which was for three or four days) was at one point called Toyah. It was shown that in such shipments it was the rule to collect feed bills from the consignee upon delivery, but in this instance no feed bills were presented. There was testimony to show that the damages were caused by failure to properly feed and water the animal in transit.

5. That appellant's road was at the time of this shipment being operated by the Federal court through its receiver, John C. Brown, and that some months afterwards the receiver was discharged, and it appears with reasonable certainty that property of greater value than this claim was returned to the appellant without a sale, and also that sums largely in

excess of this claim were during the receivership expended in betterments on the appellant's road.

6. The suit was for $400, the value of the horse, and $500 statutory penalty for not properly feeding and watering him en route; and the judgment was for $300, the value of the horse, and $100 penalty.

7. The testimony of the value of the animal when shipped was between $300 and $400.

*Conclusions of Law.*—Under the facts as above shown, the connecting carrier completing the transportation and delivering the animal in a damaged condition was liable for the damage, in the absence of evidence that he received it in the condition in which he delivered it, or without proof that some fact existed exonerating him from liability, such as an act of God.   Hutch. on Carr., sec. 761; Railway v. Adams, 78 Texas, 372.

The facts and circumstances of this case are such as will support the judgment rendered against appellant for $300 actual damages.   Some direct evidence tending to show fault on the part of this appellant in transporting the animal was hearsay, but the judge certifies that he did not consider it; and as the case was presented the appellant's liability existed even in the absence of any evidence on that subject, and consequently it constitutes no ground for reversal.   But we think differently concerning the judgment for the penalty.

The application of the rule above referred to makes this defendant liable for the actual damages in the absence of proof of whether or not it failed to properly feed and water the animal en route.   The liability was under the evidence in this case to some extent constructive.   There is authority for holding, that when a penalty of this character is sought to be recovered in a civil action, the plaintiff must show facts which justify a recovery beyond a reasonable doubt.   The evidence here fell short of this, and on this ground probably there should have been no judgment for the penalty.   Chaffie v. United States, 18 Wall., 516; Railway v. Dwyer, 84 Texas, 195.   There is authority to the contrary.   18 Am. and Eng. Encycl. of Law, 280.   We dispose of this question, however, on another ground, which we consider more free from doubt.

The Act of March 19, 1889, entitled " Receivers," was not in force when the damage happened, nor when the property of the road was returned to appellant.   The Act of 1887, under the same title, does not provide that claims unpaid at the close of the receivership the company should be liable for to the extent of the property redelivered; but nevertheless an equitable principle applicable to such cases is, that to the extent of the income used by the receiver in improvement of the property, the company would afterwards be liable for claims arising under and not paid by the receiver.   We do not think that statutory penalties incurred while the road was in the receiver's hands would constitute such a claim

against the company as would be included in this equitable rule. Although such penalty is recoverable by the claimant in connection with his claim, yet it does not properly constitute a part of his damages. It has for its object the interest of the public, and is inflicted by way of punishment, and this purpose would not in any degree be subserved by visiting upon defendant a penalty for acts committed in the conduct of the road while it was being operated under orders of a court through a receiver. We doubt that punitive damages could be recovered of the company under like circumstances for an act committed during the receivership. It is the rule in this State, that a railway corporation is not subject to exemplary damages for acts of its servants and agents unless ratified by it, or some act of carelessness or remissness on its part is shown in connection with it. Hays v. Railway, 46 Texas, 272. Upon this principle, we can not see why the appellant should be held to respond for the penalty, when the act for which it is sought to be inflicted was not done by it or its agents or servants, but occurred under a management of its road in other hands, over whose acts it had neither control nor power of ratification. And we do not believe that the statute, in providing that such penalty might be recovered of the carrier, intended that it should apply to a case where the act done was not and could not be the act of the carrier, as in this case.

Our conclusion is, that the judgment should be so rendered here as to affirm the judgment for actual damages, and to set aside that rendered for the penalty.

*Reversed and rendered.*

Delivered November 1, 1893.

ON MOTION FOR REHEARING.

JAMES, Chief Justice.—A motion for rehearing is made on the ground that it has not been made to appear in the evidence that the improvements or betterments made during the receivership were paid for by the receiver's *net earnings*.

It was shown that tracks in the city of El Paso alone were built at a cost of about $10,000, while the property was in the receiver's hands.

It is insisted that as receivers sometimes procure funds by means of receiver's certificates, that the testimony should have excluded that possibility.

We believe that the evidence shows all that it was necessary for the plaintiff to show in the first instance. It was incumbent on the defendant, if such defense existed, to establish that the fund used in the construction of the improvements was obtained in some other way than through the usual channels. On the same principle, it was incumbent on the defendant to show that where earnings appear to have been applied by the re-

ceiver to improvements, the same were not net earnings. Railway v. Geiger, 79 Texas, 18; Railway v. Bailey, 83 Texas, 23.

It is our opinion that the evidence disclosed a prima facie liability, strengthened by the purpose of the receivership as declared in application therefor, which was primarily to place the property of the defendant in good condition, out of the revenues.

The motion is overruled.

*Motion overruled.*

Delivered December 13, 1893.