St. Louis and San Francisco Railway Company v. Byers Brothers.

Decided November 11, 1905.

**Successive Carriers—Damage to Live Stock—Presumption Against Last Carrier.**

The rule of the common law, that when freight transported by successive carriers has been damaged, and the evidence does not show on what particular line the injury occurred, there exists a presumption that it was through the fault of the last carrier, obtains in this State.

Appeal from the District Court of Tarrant. Tried below before M. E. Smith.

*C. H. Yoakum, West, Chapman & West,* and *Theodore Mack,* for appellant.—The court erred in authorizing the jury in any contingency to find for the plaintiffs damages on account of a shipment of December 14, 1902, because there was no evidence whatever to show that this defendant was guilty of any negligence in the handling of said shipment.

The rule of law is that a carrier is required only to exercise ordinary care to receive and forward cattle with reasonable dispatch. Hence a charge that if there was "negligent delay" by a carrier in delivering cattle at their destination, etc., the carrier is liable to the shipper in damages, is incorrect, erroneous and a charge on the weight of the evidence. Texas & Pac. Ry. Co. v. Sherrod, 87 S. W. Rep., 363.

. *Stewart & Templeton,* for appellees.—Where live stock which are transported over the lines of several successive carriers unaccompanied by a shipper, are damaged en route, and where the evidence fails to show where the injuries complained of occurred or in whose possession the stock were at that time, the burden of proof is upon the terminal carrier to show that such damage was not sustained on its line and while

such stock were in its possession; and upon its failure to discharge such burden and to show. where and how the damage was occasioned, the presumption will be that such damage resulted from the acts and negligence of such terminal carrier and it should be held responsible therefor. Texas & P. Ry. Co. v. Adams, 78 Texas, 375; Gulf, C. & S. F. Ry. Co. v. Edloff, 34 S. W. Rep., 416; Gulf, C. & S. F. Ry. Co. v. Cushney, 67 S. W. Rep., 78; Missouri, K. & T. Ry. Co. v. Mazzie, 68 S. W. Rep., 56; St. Louis S. W. Ry. Co. v. Cohen, 55 S. W. Rep., 1123; Hutch. on Carr., sec. 761; Ft. Worth & D. C. Ry. Co. v. Shanly, 81 S. W. Rep., 1014; .Texas & P. Ry. Co. v. Barnhart, 23 S. W. Rep., 801.

In cases of this character, the burden of proof is on the party who best knows the facts or who is presumed to know what the facts are, and who has the best means of proving the existence or nonexistence of such facts. Wherefore, it will in such cases be presumed that a carrier is negligent, who fails or refuses to show to the contrary, when if such is the fact it has but to call its own agents and employes to the witness stand to so.prove. Ryan v. Missouri, K. & T. Ry. Co., 65 Texas, 13, 19 and 20; Missouri, Pac. Ry. Co. v. Scott, 26 S. W. Rep., 239; Texas & P. Ry. Co. v. Richmond, 61 S. W. Rep., 411; Pullman Palace Car Co. v. Nelson, 54 S. W. Rep., 626; 1 Jones on Ev., secs. 16, 17, 223; Mutual Life Ins. Co. v. Tilman, 84 Texas, 35; Welsh v. Morris, 81 Texas, 162; Mitchell v. Napier, 22 Texas, 129.


CONNER, CHIEF JUSTICE.—This suit was instituted by appellees for the recovery of $4,609.46 alleged damages to four shipments of cattle transported over appellant's line of railway, the usual allegations of delay, shrinkage in weight, depreciation in value, rough handling, etc., being pleaded. Defendant answered by general and special demurrers and a general denial. A jury trial had on January 5, 1905, resulted in a verdict against appellant in the sum of $2,424.67, with interest from December 17, 1902. The verdict was itemized and shows a recovery of $169 for the shipment on November 28, 1902; $961.50 for the shipment of December 2, 1902; $595.52 for the shipment of December 3, 1902; $460.60 for the shipment of December 14, 1902, and an overcharge on freight of $388.05 November 28, 1902. Judgment was rendered in accordance with the verdict of the jury, and motion for a new trial having been overruled, an appeal was taken to this court and the case is now pending before us on appeal and on motion made by the appellees suggesting delay and praying for the imposition of ten percent damages. ·

We have carefully considered the record and assignments of error, and while we hardly feel prepared to hold that the appeal presents such manifest purpose to delay only as to require of us the imposition of the ten percent damages authorized by the statute in cases of causeless appeals, we nevertheless have found but little, if anything, presented by the assignments of error worthy of discussion. Appellant's principal contention arises under its first assignment, to the effect that the court erred in authorizing the jury in any contingency to find damages on account of the shipment of December 14, 1902, "because there was no evidence whatever to show that this defendant (appellant) was guilty of

any negligence whatsoever in the handling of said shipment." The proof shows that the shipments in question were each made from Cooper, Texas, and transported via Paris, Texas, to East St. Louis. At Cooper the cattle were delivered to the Texas Midland Railroad, which carrier transported the cattle to Paris where the cattle were delivered for further transportation to the appellant company. It is not contended that the proof is insufficient to show both negligence and damages for which appellant is responsible, as to all shipments mentioned save that of December 14. Indeed, the proof affirmatively shows that the verdict and judgment are supported as to said prior shipments. It appears, however, that no one accompanied the cattle shipped on December 14, 1902, which were delivered in a damaged condition, and appellant's entire proposition is predicated upon the contention that the burden was upon appellees to prove that the damages shown to exist did not occur on the line of the initial carrier. As early at least as the decision in the case of the Texas & P. Ry. Co. v. Adams, 78 Texas, 372, the rule of the common law, that when it is made to appear that freight transported by successive carriers has been damaged subsequent to its shipment, and the evidence fails to show upon which particular line the injury occurred, there exists a presumption that it was through the fault of the last carrier, has been recognized as the law of this State.

Appellee insists, however, that this rule should not apply in cases · of the shipment of live stock. We think it sufficient to say that the distinction between live stock and dead freight has not caused a change in the rule mentioned. On the contrary, the presumption has been applied in numerous cases of shipment of live stock. It was recognized as the proper rule by our Supreme Court in the case of Gulf, Colorado & Santa Fe Ry. Co. v. Cushney (67 S. W. Rep., 78). It was also applied in the case of a cattle shipment by this court as early as October 10, 1896, as may·be seen from the unpublished opinion in the case of the Texas & Pacific Ry. Co. v. Collier, Bradford & Son. And later, in the case of the Fort Worth & Denver City Ry. Co. v. Shanley (81 S. W. Rep., 1014) where damages to a shipment of horses were alleged. See also the case of Texas & Pacific Ry. Co. v. Barnhart (23 S. W. Rep., 801), in which the Court of Civil Appeals for the Fourth District applied the rule in the case of shipment of a horse. Other authorities might be cited, but we think those named sufficient to show that in cases of shipments not accompanied by the owner the established law of this State is against appellant's contention.

We find no merit in the remaining assignments, and nothing thereby presented that we deem it profitable to discuss; they are therefore overruled; and, finding that the evidence supports the material allegations of appellees' petition, and the verdict and judgment, it is ordered that the judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.