T. N. JORDON v. GULF & SHIP ISLAND RAILROAD COMPANY.

[58 South. 595.]

1. CARRIERS. *Injuries to live stock. Actions. Proximate cause. Persons entitled to sue. Cause of injury. Burden of proof.*

Where plaintiff had bought cattle on a credit and had them shipped over a railroad, to himself as consignee, in a suit by him against the railroad company for damages to the cattle while in transit, it was error to allow the defendant company to show that the purchase price of the cattle had not been paid for by the plaintiff.

2. CARRIERS. *Injuries to live stock. Actions. Proximate cause.*

In a suit against a carrier for damage to cattle injured while being shipped over its road, it was error for the court to instruct the jury, to find for the defendant carrier unless they should believe that its negligence was the sole cause of the injury.

3. SAME.

The true rule in such case is that if the negligence of the carrier was the efficient cause of the injury, the court will not

speculate as to whether or not some other cause might also
have produced it.

4. CARRIERS. *Injuries to live stock. Entitled to sue.*

Where a party has a claim against a carrier for injury to live
stock caused by the negligence of the carrier, the fact that
he afterwards sells the stock, but not his claim for damages,
will not prevent his recovery on such claim.

5. INJURY TO LIVE STOCK. *Instructions. Cause of injury.*

In a suit against a carrier for the death of live stock while being
carried on defendant's road, an instruction for the defendant
that if the jury believe that one or more of the oxen were
injured while being carried to their destination, and that such
injuries were proximately caused by the physical condition
of such oxen at the time they were delivered to the rail-
road for shipment, without any negligence on the part of
defendant, they should find for the defendant, is erroneous
as prohibiting a recovery for any of the other cattle, if only
one or more of them were injured on account of their physical
condition when shipped.

6. CARRIERS. *Injuries to live stock. Actions. Burden of proof.*

Where live stock was shipped to be transported over two con-
necting railroads and were injured while in transit and both
railroads gave bills of lading acknowledging receipt of the
stock in good order, the burden of proof is on the terminal
carrier to show that it was not guilty of negligence causing
the injury.

APPEAL from the circuit court of Harrison county.

HON. J. A. LEATHERS, Special Judge.

Suit by T. N. Jordon against the Gulf & Ship Island
Railroad Company et al. From a judgment for defend-
ant, plaintiff appeals.

The facts disclosed by the record are, in substance,
as follows: Appellant purchased from one McSwain
forty head of oxen at Hattiesburg, Miss., and instructed
McSwain to load them on two cars of the Gulf & Ship
Island Railroad. The oxen were loaded on said cars
October 11, 1910, about 5 p. m. They were shipped by
way of the Gulf & Ship Island Railroad to Jackson,

Miss., arriving at 9:40 a. m., October 12th. The Illinois Central Railroad receipted the Gulf & Ship Island for said oxen "in good condition." They were shipped out of Jackson by way of the Illinois Central Railroad at 3:20 p. m., October 12th, arriving at Durant, on the Illinois Central, at 10:30 p. m., at which point they were taken out of the cars, fed and watered, and put back in the cars at 12 p. m., and left Durant at 7:40 a. m., October 13th, arriving at the destination, McAdams, at 8:45 the same morning.

The oxen were all injured on the journey. Immediately after being unloaded several of them died, and others died within a few days. Those remaining were unfit for work, and were sold for a little over three hundred dollars; the original purchase price being over thirteen hundred dollars. Jordan brought suit against the Gulf & Ship Island Railroad and the Illinois Central Railroad for damages. The court gave a peremptory instruction for the Gulf & Ship Island Railroad, and submitted the case against the Illinois Central Railroad to a jury, who found for the defendant.

Over the objection of the plaintiff, the defendant was allowed to show that Jordan had not paid for the oxen, but still owed about twelve hundred dollars and had executed a note for that amount. This action of the court, together with the granting of certain instructions hereafter set up, is assigned as error on appeal.

The instructions complained of are as follows:

(3) "The court instructs the jury for the defendants that the plaintiff cannot recover for the death of any ox, unless you believe from the evidence that such ox died solely through the fault of the Illinois Central Railroad Company; and if you believe from the evidence that any ox died through the fault or negligence of the plaintiff, or that such fault or negligence, if any, contributed proximately to the death of such ox, you should not assess any damage against the defendants for the loss of such ox."

(4) "The court instructs the jury for the defendants that they cannot assess any damage against the defendant Illinois Central Railroad Company for the death of any ox after it was sold and delivered by the plaintiff, if any."

(8) "The court instructs the jury for the defendants that before the plaintiff can recover damages in any amount against the defendants it is necessary for him to establish, by a preponderance of the evidence, (1) that the oxen were not damaged when delivered to the railroad company for shipment, and were then in good condition to make the journey to McAdams, without injury, if the defendants should transport them and care for them with due care, under all the circumstances shown by the evidence; (2) that the oxen were damaged when they arrived at McAdams, over and above the injury or damage that would necessarily be caused to a shipment of the kind and character of oxen that these were, and in their condition, in making the trip by rail that these oxen made; (3) that the plaintiff was the owner of the oxen."

(10) "The court instructs the jury for the defendants that, if they believe from the evidence that one or more of the oxen were injured while being transported to McAdams, and that said injuries were proximately caused by the physical condition of such oxen at the time they were delivered to the railroad company at Hattiesburg for shipment, without any negligence on the part of the defendants, they should find for the defendants."

(12) "The court instructs the jury for the defendants that, if they believe from the evidence that any of said oxen were injured while in transit from Jackson to McAdams, and if they further believe that said injuries were proximately due to their condition when delivered to the Gulf & Ship Island Railroad Company for shipment, and not to any negligence or lack of reasonable

care and prudence of the defendant Illinois Railroad Company in transporting and caring for them, you should find for the defendants.''

(14) ''The court instructs the jury that the defendant, the Illinois Central Railroad Company, is not liable for any injuries to said oxen, if you believe from the evidence that it furnished a car suitable and in good condition for the purpose of transporting the oxen, and used reasonable care and diligence, under all the circumstances, in carrying them from Jackson to McAdams; and the burden of proof is on the plaintiff to satisfy you, by a preponderance of the evidence, that such injuries, if any at all were suffered by the oxen, or any of them, were received between the time they were received for shipment at Jackson and the time they were delivered at McAdams, while the oxen were in the care of the defendant Illinois Central Railroad Company; if you believe from the evidence that such injuries, if any, were due to the unfitness of the cattle to make the journey, or due to the inherent nature and propensity of the animals themselves, or that such injuries, if any, were inflicted by the animals upon themselves, or each other, and without any negligence of the Illinois Central Railroad Company, you should find for the defendants.''

*Mize & Mize,* for appellant, filed an extended brief covering all the points decided by the court but too long for publication.

*Geo. P. Money,* for appellee, filed an elaborate brief covering all the points in the case but too long for publication.

WHITFIELD, C.

It was clearly error to allow McSwain to testify that Jordan had not paid him for the oxen. The ownership of the oxen was plainly in Jordan; and whether he had paid McSwain, or not, was entirely immaterial to the issue.

The third instruction for the appellee was erroneous in telling the jury that the plaintiff could not recover for the death of any ox, unless they believe that ox died solely from the fault of the Illinois Central Railroad Company. The true rule on this subject is thus stated in Thompson on Negligence (2 Ed.), vol. 1, sec. 56, p. 60: "The true course of reasoning is to consider whether the negligence of the defendant was the efficient cause of the injury; if so, the court will not speculate as to whether or not some other cause might also have produced it. On the other hand, the view that the injury must be solely caused by the defendant's negligence, and that it is not enough that it should be essentially so caused, is a plain mistake." And in the American & English Ency. of Law (2 Ed.), vol. 21, p. 495, it is said: "There is indeed no rule better settled in the present action than that the defendant's negligence, in order to render him liable, need not be the sole cause of plaintiff's injury." Under the evidence in this case, had the jury believed that the appellee was negligent in not watering the oxen in Jackson during their stay there, of five hours, or at any point until they reached Durant, or that the appellee was negligent in not tying the oxen properly when reloaded at Durant, and had been satisfied that this negligence in these two respects contributed proximately to the death and injury of the oxen, but had yet believed that this was not the sole cause of the death or injury, but that this negligence, to produce the result shown by the testimony, had to be reinforced by the physical condition of the oxen when received, then, under this instruction, they were bound to find for the defendant. The error is manifest.

The fourth instruction is also erroneous, in telling the jury that they could not assess damages for the death of any ox, after it was sold and delivered by the plaintiff. The sale of the ox did not carry with it a sale of the plaintiff's right of action for damages to the ox.

Instruction No. 8 is eroneous in its third paragraph, in which the jury are told that the plaintiff cannot re-cover, unless he was the owner of the ox.

The tenth instruction for the appellee is erroneous in telling the jury that if they believed from the evidence that one or more of the oxen were injured, etc. The in-struction doubtless did not intend to convey the idea that if the jury believed only one or two of the oxen were injured, and the said injury was caused by the physical condition of the oxen when received by the railroad, they should find against the plaintiff for all the other oxen; but that is what the language of the instruction means, and it is erroneous and misleading in that regard.

The twelfth instruction for the appellee is erroneous in not making the transit cover the whole distance from Hattiesburg to McAdams, instead of from Jackson to McAdams.

The fourteenth instruction for the appellee is also er-roneous in stating that the burden of proof was on the plaintiff to satisfy the jury, by preponderance of the evidence, that the injuries sustained by the oxen were received between the time they were received for ship-ment at Jackson and the time that they were delivered at McAdams. The evidence showed without dispute, that both railroads receipted for the oxen as received in good condition, the Gulf & Ship Island Railroad Company from Hattiesburg, and the Illinois Central Railroad Com-pany from Jackson on. It was therefore incumbent upon the defendant, with bills of lading acknowledging receipt of the oxen in good condition outstanding, to exculpate itself by showing that the injuries were not due to negligence on the part of the defendant. *Chicago R. R. Co.* v. *Abels,* 60 Miss. 1023; *Railroad* v. *Tupelo Furniture Co.,* 67 Miss. 35, 7 South. 279, 19 Am. St. Rep. 262; *Boehl* v. *Chicago, Mil. & St. Paul R. R. Co.,* 44 Minn. 191, 46 N. W. 333; *Paramore* v. *Western R. R. Co.,* 53 Ga. 383; *Western R. R. Co.* v. *Harwell,* 97 Ala. 341, 11 South. 781.

In *Gulf, C. & S. F. R. R. Co.* v. *Jones,* 1 Ind. T. 354, 37 S. W. 208, the court said: "Proof is proof, whether by direct evidence or force of presumption. In other words, the fact that the goods were delivered to the initial carrier in good condition, raising the presumption equivalent to positive proof, so long as it is not rebutted, that the goods were in like condition when received by the terminal carrier, coupled with the evidence of damage when the property was delivered to the owner, proves the injury during the transit over the terminal carrier's line." This is a correct announcement of the rule, and fits in perfectly here.

Per Curiam. The above opinion is adopted as the opinion of the court; and, for the reasons therein indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*