JOHN J. DODSON v. WESTERN UNION TELEGRAPH COMPANY.

[52 South. 693.]

LIMITATIONS OF ACTIONS.    *Code* 1906, § 3127.    *Contractual limitations.*
        *Contract exempting from liability.    Telegraph company.*

Code 1906, § 3127, providing that the statutes of limitation shall not be changed by contract and that the statutory periods should apply to all causes, etc., invalidates a stipulation in a contract with a telegraph company that it shall not be liable for errors or delays where a written claim is not presented within sixty days after a message is received by it for transmission.

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

Dodson, appellant, was plaintiff in the court below; the telegraph company, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The facts as stated by ANDERSON, J., are as follows:

"This is a suit by the appellant, Dodson, against the appellee, Western Union Telegraph Company, for damages for failure to deliver a telegram. The court below gave a peremptory instruction to the jury to find for the telegraph company, which was done, and judgment entered accordingly, from which this appeal is prosecuted. The telegram in question contained the usual printed stipulation as follows: 'The company will not hold itself liable for errors or delays in transmission or delivery of unrepeated messages, beyond the amount of tolls paid thereon, nor in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.' Appellant did not present this claim in writing nor sue within sixty days after the message was filed for transmission, and for this reason the court below held that he was precluded from recovering."

*J. C. Oakes* and *R. N. & H. B. Miller,* for appellant.

The court below sustained the second plea of the defendant which set up the failure of the appellant to propound his claim within the sixty days in writing, as required by a printed provision on the back of the message.

The court below overruled appellant's demurrer to this plea and after the evidence was introduced gave a peremptory charge in favor of the appellee based only on this plea. It could have been based on nothing else, because the evidence shows a clear case of a right to recover the statutory damages at least, as well as other damages. It is therefore the only question in

the case, whether the appellant was bound by this requirement printed on the back of the blank on which the message was written to present his claim in writing within sixty days after the message was filed with the company for transmission.

We respectfully submit that whilst this limitation and requirement has been held a reasonable regulation with which a party must comply before he can bring his suit, and if he fails to comply with it that his right of action is lost, yet Code 1906, § 3127, is a complete answer to this plea by the company.

We respectfully submit that *Southern Express Co. v. Hunnicutt*, 54 Miss. 566, is no longer the law; it was and similar cases have been entirely wiped out by this section of the Code. This provision, Code 1906, § 3127, is a new statute made since those decisions were rendered, and it expressly provides that the limitations of actions provided by the Code "shall not be changed in any way whatsoever by contract between the parties" "and any change in such limitation made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitation for the various causes of action, the same for all litigants."

There is absolutely no escape from this statutory provision, we submit, and this case for that reason ought to be reversed.


*J. B. Harris,* for appellee.

The question presented for the determination of this court is whether the stipulation contained on the telegraph blank in regard to the presentation of claims for damages is affected by Code 1906, § 3137.

It was urged in the court below that the stipulation for the presentation of claims for damages within sixty days from the date of the filing of the message changed the period of limitation and is therefore violative of the section set forth. On the other hand it was urged, and so held by the court, that this stipulation

was in no sense a limitation or a change of the period of limitation prescribed by the statute.

In the case of *Southern Express Co. v. Hunnicutt,* 54 Miss. 566, it was expressly held that a similar stipulation in an express receipt was in no sense a limitation or an attempt at prescribing a limitation.

The reasons for upholding the validity of this stipulation and upon which the stipulation is based are very clearly set forth in Jones on Telegraph and Telephone Companies, p. 373. He says:

"These stipulations do not operate as a limitation of the time within which suit may be brought, but they are designed merely to give the company notice of the claim, in order that it may be investigated promptly. Messages are usually destroyed after being kept six months, and the company's ability to defend would naturally be affected by a delay in its being informed of a claim. If the sender of a message has sustained a loss by the failure of the company to properly transmit it, he could very easily ascertain this fact within sixty, thirty, twenty, or even within a shorter time, after the message was filed, and it would be no unreasonable rule to require him to promptly notify the company of this fact in order that the latter might remedy the loss or defend itself against the same. The object of transacting business over telegraph lines is to accomplish the desired results in the shortest time possible and surely the sender of the message would find out very soon after it was filed whether or not the message had accomplished its purpose; and it would be no burden or inconvenience on his part to notify the company that the object had not been accomplished, to his loss. The presumptions are that if he fails to notify the company of the improper transmission of the message the rights acquired under this agreement are waived. Another reason justifying the reasonableness of the provision for notice of the claim is found in the multitude

of messages transmitted, requiring a speedy knowledge of claims
to enable the company to keep an account of its transactions,
before, by reason of their great number, they cease to be within
their recollection and control."

Stipulations in bills of lading, express receipts and telegraph
blanks arise from the very necessity of the case. They are
intended to give the carrier reasonable notice that a loss will be
claimed in order that it may have an opportunity to investigate
the claim. The great multitude of transactions which the car-
rier has with its patrons makes it almost impossible for it to keep
a record of every transaction for any great length of time.
These stipulations are nothing but notices that a loss has been
sustained and that the claim will be made therefor, and, that
notice being given, the claimant can bring his suit at any time
within the statutory period.

The stipulation here in question has been uniformly held to
be reasonable in this state, not only in cases of carriers of goods
but the particular stipulation in telegraph blanks. *Western
Union Tel. Co. v. Clements,* 77 Miss. 748; *Hardtzog v. Tele-
graph Co.,* 84 Miss. 448. There is nothing whatever in this stip-
ulation which makes a different period of limitation for suits
against telegraph companies and that prescribed for other lit-
igants. The period of limitation as prescribed by the statute re-
mains absolutely unaffected and unchanged.

This stipulation has never been looked upon as anything more
than a reasonable business regulation and it has been upheld
upon the ground that common carriers like others have a right
to adopt reasonable regulations with reference to the carrying
on of their business. It has none of the elements of a statute
of limitation. The essential attribute of a statute of limitation
is that it relates to a time when a suit may be brought upon
a cause of action which it affects. Such statutes are enacted to
restrict the period within which the right, otherwise unlimited,
must be asserted by suit, and the section of the statute upon

which the appellant relies manifestly relates to those contracts and stipulations which relate to the time in which a suit shall be brought, thus changing or modifying the period of limitation as prescribed by law. Manifestly the statute had no reference to mere business regulations, recognized universally as being reasonable and fair.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

Code 1906, § 3127, is as follows: "The limitation prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any changes in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants." For the first time, this statute appears in the Code of 1906. For the appellant, the contention is made that it condemns the stipulation in question; for the appellees, that it does not, because, on the authority of *Southern Express Co. v. Hunnicutt,* 54 Miss. 566, 28 Am. Rep. 385, such stipulation is no more than a condition precedent, with which the claimant must comply or lose his claim, and if he does comply he may sue within the time limited by the statute, and that it is not a limitation, but a reasonable regulation. This court did so hold in the *Hunnicutt case,* and subsequent cases following it; but the supposed evil growing out of that doctrine is what the legislature intended to remedy by the statute under consideration, which denounces as void such stipulations, having the effect to shorten the period of limitation of actions. The language of the statute is broad. The period of limitation prescribed by law cannot be changed "by any contract whatsoever," nor "in any way whatsoever." All contracts which directly or indirectly have that effect are condemned. Were the stipulation in question valid, Dodson could have sued, without making claim in

writing, at any time within sixty days after the failure to deliver the telegram; but suit after that would be barred. His right of action accrued at the instant of the breach of duty by the telegraph company, and continued for sixty days, and was then cut off by the contract, but for which he would have had the period in which to sue prescribed by law.

*Reversed and remanded.*

After the delivery of the above opinion the counsel for appellee presented an elaborate suggestion of error.

MAYES, C. J., delivered the opinion of the court in response to the suggestion or error:—

On the original hearing of this case we held that Code 1906, § 3127, abrogated any right that the telegraph company heretofore assumed to make as one of its stipulations that it would not be liable for damage in any case where claim therefor was not presented within sixty days after the message was filed with the company. Section 3127 prohibits changing "in any way whatsoever" the limitation prescribed in the chapter, and further provides that "any change in such limitation made by any contract stipulation whatsoever shall be absolutely null and void." Under a statute so broad as this, concluding with the declaration that its purpose "is to make the period of limitation for the various causes of action the same for all litigants," it is difficult for us to perceive how its full scope and effect could be carried out unless it is made to comprehend this very case. In the *Hunnicutt case,* 54 Miss. 566, 28 Am. Rep. 385, this court upheld this stipulation; but there was then no statute on the subject. The vast array of authorities cited in the brief of counsel have no application, in our judgment, because the statute under discussion strikes down all such decisions. The regulation of the company says you cannot sue unless your claim be presented within sixty days. This regulation, if given effect,

Opinion on suggestion of error.

may in some instances, and in this very case will, be a limitation in itself.   If it is possible, therefore, under certain conditions, for the stipulation to become itself a limitation, how can it be soundly argued that such a stipulation does not change the limitation prescribed by the chapter "in any way whatsoever?"   If it does this, or if the stipulation superimposes conditions with which there must be a compliance or rights will be barred from suit, it is amending the statute by the telegraph company saying that, notwithstanding same, a person shall be barred unless he comply with certain conditions imposed by it, and such conditions are void under the statute.   Stipulations of the character. under discussion are not viewed as contracts in any true sense. They are regulations, and their validity depends, not upon their contractual obligations, but upon their reasonableness as regulations.   Public service companies such as this could not refuse to serve any member of the public because such person refused to accede to such regulation as a contract.   This is expressly held in the case of *Kirby v. Western Union, etc., Co.*, 4 S. D. 105, 55 N. W. 759, 57 N. W. 199, 30 L. R. A. 612, 620, 621, 624, 46 Am. St. Rep. 765.   Such companies as this are bound to serve the public, and for this reason the law has permitted protection to the public service companies by permitting them to make reasonable regulations.   But the legislature may declare what is and what is not a reasonable regulation, and not commit the whole matter to the discretion of the company.   The attitude of a public service company toward the public is quite different from that of an insurance company.   We do not say how this section may affect the right of an insurance company to place in its contract of insurance a requirement that proof of loss shall be made within a certain time.   That question is not involved here at all.

Many states have statutes prohibiting these stipulations, and independently of statutes some courts have held these regulations void as against public policy.   The construction of this court

with reference to this statute is not unusual. In the case of *Davis v. Western Union, etc., Co.,* 107 Ky. 527, 54 S. W. 849, 92 Am. St. Rep. 371, it is held that a stipulation, in a contract between a telegraph company and sender of a message, that the company will not be liable for damages in any case if the claim is not presented in writing within sixty days after the message is filed, is void as against public policy. · To the same effect is the case of *Western Union, etc., Co. v. Eubanks,* 100 Ky. 591, 38 S. W. 1068, 36 L. R. A. 711, 66 Am. St. Rep. 361. In the case of *Pacific Tel. Co. v. Underwood,* 37 Neb. 315, 55 N. W. 1057, 40 Am. St. Rep. 490, it was held that this same condition, providing that the company should not be liable for damage unless the claim was presented within sixty days, was unreasonable and without consideration, viewed as a contract, and void as an attempt on the part of the company to limit its liability for its negligence by enacting for itself a statute of limitations. The same thing is held in the case of *Western Union, etc., Co. v. Longwill,* 5 N. M. 308, 21 Pac. 339. In short, it was within the power of the legislature to prescribe that these stipulations should be abolished, and this we think section 3127 has done. The telegraph company can suffer no more inconvenience from the abolition of these stipulations in this state than it is now suffering in other states that have similar statutes.

> · *The suggestion of error is overruled.*