GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CO. *v.*
ALLEN WALKER.

[55 South. 51.]

1. INSURANCE. *Limitation of liability. Regulation. Police power. Code
1906. Section 2575.*

The state under its police power has the right to regulate the busi-
ness of insurance, and provide the kind and character of insurance
contracts which may be made.

2. INSURANCE. *Limitations of liability.*

A provision in an accident policy limiting the insurers liability to
one-fifth of the amount of insurance unless notice of the accident
be given to the insurance company within ten days thereafter is
void as in contravention of Code 1906, section 2575, prohibiting
stipulations in insurance policies limiting the bringing of suits.

3. SAME.

Any contract of insurance which undertakes to relieve the insurance
company from responsibility on its contracts by requiring any kind
of notice for less than the time required by the statute is in conflict
with section 2575, Code 1906, and void.

APPEAL from the circuit court of Forrest county.
HON. W. H. COOK, Judge.

Suit by Allen Walker against the General Accident,
Fire and Life Assurance Company. From a judgment
for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Stephens, Stephens & Cook,* for appellant.

The provision for notice of injury within ten days from
the date of injury is valid and binding. The authorities
are multitudinous and harmonious on this point. See
Cyl., vol. 1, page 274, paragraph "A" and citations there
given. Am. and Eng. Ency. Law, vol. 1, page 323, par.
3; in *Craig v. U. S. Health & Accident Ins. Co.*, 61 S. E.

423 (Sup. Ct. S. C., '08), and *Hatch* v. *U. S. Cas. Co.*, 83
N. E. 398 (Mass., '08), it was held that the requirement
·of clause "M" of the policy is valid. "The circuit court
·in affirming the judgment of the magistrate held the pro-
visions of the policy (above referred to) as to time in
which notice of sickness should be given, to be without
·effect and void, because unreasonable. We think this
decision of the circuit judge was clearly erroneous. It
·concerns not only the constitutional rights, but in the
highest degree the business prosperity of the people,
that freedom to contract should be preserved inviolate.
It is true ·freedom to contract is not unlimited, for the
lawmaking hand of the government may impose such lim-
itations as can be reasonably considered to be for the
public health, safety, or morals." In the case last above
·cited the court said:

"If it be said, as it sometimes is, that such a defense
is purely technical, the answer (if one is needed) is that
the provision for notice is the essence of the contract,
that it is manifestly an important provision for the pro-
·tection of the insurer against fraudulent claims, and also
·against those which, though made in good faith,. are not
valid. It is a provision which tends to the lucidation of
the truth when claims for indemnity are made. It is one
·to which the .assured agreed and it is not unreasonable."
*Hatch* v. *U. S. Casualty Co.*, 83 N. E. 398 (Mass., 1908).

In *Heywood* v. *Acc. Assn.*, 85 Me. 289, 293 (1893), the
·contract said: "The policy contained a stipulation that
·failure to notify the company of the injury for ten days.
·after it was received should bar all claim therefor. It
·was competent for the parties to make the agreement, and
they are bound by it." See, also, *Kimball* v. *Acc. Assn.*,
·90 Me. 183, 185 (1897); *Wholen* v. *Equitable Acc. Co.*,
·58 A. 1057 (Me. 1903); *Johnson* v. *Ind. Cas. Co.*, 60 A.
1009 (N. H. 1905); *Blockman* v. *Casualty Co.*, 117 Tenn.
·578, 588 (1906); *Dunsher* v. *Travelers' Ins. Co.*, 25 Pa.
·Sup. Ct. 559, 563 (1904); *Foster* v. *Fid. & Cas. Co.*, 40 L.

R. A. 833 (Wis. 1898)`;` *United Benefit Assn.* v. *Freeman,* 36 S. E. 764; *Martin* v. *Equitable Acc. Co.,* 16 N. Y. Supp. 279; *Travelers' Ins. Co.* v. *Nox,* 142 Fed. 653; *Woodens' Acc. Assn.* v. *Byers,* 87 N. W. 346; *James* v. *U. S. Cas. Co.,* 88 S. W. 125; *Bezell* v. *Ins. Co.,* 176 Mo. 279; *Grant* v. *N. A. Cas. Co.,* 83 N. W. 316; *McCord* v. *Masonic Cas. Co.,* 88 N. E. 6 (Mass., 1909); *Williams* v. *U. S. Cas. Co.,* 64 S. E. 410 (N. C., 1909); *N. A. Accident Ins. Co.* v. *Watson,* 64 S. E. 693 (Ga., 1909); *Woodall* v. *Fidelity & Gass Co.,* 62 S. E. 808 (Ga., 1908).

*Clyde R. Conner,* for appellee.

An examination of the policy sued on shows that at paragraph "M" notice is required to be at the office of the corporation in Philadelphia, Pa., within ten days of the accident. Now the notice which was mailed to the Philadelphia office, and it is similar to the one left with appellee when his policy was issued, can be found in this record as exhibit "A" to the depositions of J. J. Krist. In the upper right hand corner of said notice there appears the following: "To be filled out by the assured. Note. Immediately after the happening of the accident this blank must be executed by claimant and physician and forwarded at once to the company at Philadelphia, Pa. Every question must be answered fully. This clause is made a part of the insurance contract by the corporation requiring the assured to send this particular blank notice on the happening of an accident. It can readily be seen that paragraph "M" in the policy and this clause in the blank preliminary notice of accident, which the corporation required claimant to fill out and send to it immediately, are contradictory. Which will this court enforce? The paragraph "M" in the policy requires that the notice must be at the Philadelphia office of the corporation within ten days of the date of the accident, or after the injury, or else four-fifths of the principal sum of the policy must be forfeited.

We will admit that a large per cent of the cases cited by counsel hold that the ten days' notice clause to be reasonable and binding on the assured. The facts in the case at bar are different from all of those cited, in that the record, although it is not as clear as it could be, shows that it took eight days for this preliminary notice to go from Sumrall, Mississippi, to Philadelphia, Pa., office of the corporation. The witness Walker says that the notice was filled out by Heidleberg, and is a part of the record in this case as an exhibit to J. J. Krist's testimony; then two or three days afterwards the doctor filled out the other side and mailed it to the corporation. Now an examination of this notice in the upper right hand corner shows that Dr. Anderson filled it out on April 20th. The witness first testifies that it was received at the corporation's office on the 28th, or eight days later. The witness Walker further testifies that the doctor would not allow anyone to see him until three or four days after the injury. We see from this that the ten days notice in this particular case really amounts to requiring the appellee to give notice of the injury within two days after the date of the accident. Now this fact, viewed in the light of the undisputed testimony that the doctor would not allow anyone to see appellee for three or four days after the accident, would actually amount to requiring the assured to give notice of the injury at least one day before the accident happened, and we do not believe that this or any other court will hold this provision to be binding in this particular case. And especially is this true when the blank form of preliminary notice of accident says that the notice should be sent into the Philadelphia office of the corporation immediately after the accident. Let it be borne in mind that the only defense interposed in the court below was that the appellee failed to give notice of the injury within ten days after the date of the accident; therefore if this defense fails them then surely we were entitled to a verdict.

Mayes, C. J., delivered the opinion of the court.

On the trial of this case the court gave a peremptory instruction to the jury to find for appellee in full amount sued for and to which he claimed to be entitled under the accident policy. It is contended by appellant that this was error, and hence an appeal is prosecuted.

The only feature of this case which we desire to discuss is the effect which section 2575, Code of 1906, has upon that clause of the contract of insurance which limits the right of the insured to a recovery of only one-fifth of the insurance, unless written notice shall be served on the company at its office in Philadelphia, Pa., within ten days from the date of the happening of the accident rendering the company liable on the policy. It appears that Allen Walker procured an accident policy entitling him to the sum of one hundred dollars in case of accident resulting in a severance of either hand at or above the wrist. The accident insured against happened, and this policy was in full force at the time. Under a clause in the policy he became entitled to the sum of one hundred dollars. But there is another clause in the policy which provides that if written notice of accident or injury, etc., be not given to the corporation at its office in Philadelphia, Pa., within ten days after the accident happens, the assurance company shall only be liable to pay one-fifth of the amount which would otherwise be payable under the policy. It is contended on the part of appellant that this notice was not given, and because it was not given it is not liable to Walker, except for twenty dollars or one-fifth of the amount he would be entitled to, had he given the notice. We do not consider the question as to whether or not the assurance company waived this clause, deeming it unimportant in the light of the other question discussed in this opinion.

The question which we should decide is the validity of this clause, when considered in connection with section 2575, Code of 1906. That a state has the right to regu-

late the business of insurance, and provide the kind and character of insurance contracts which may be made, is beyond controversy. It is one of the most important police powers exercised by the state.

Section 2575 of the Code provides that: "No company shall make any condition or stipulation in its insurance contract concerning the court or jurisdiction wherein any suit thereon may be brought, nor shall they limit the time within which suit may be commenced to less than one year after the loss or injury, and any such condition or stipulation shall be void." The clause in the policy which requires written notice within ten days as a condition to liability on the part of the assurance company for the full amount named in the policy and for which the insured pays his premiums is in conflict with the statute above quoted. Under the terms of this policy Walker became entitled to recover the sum of one hundred dollars. The company contracted to pay this sum to him, and accepted his money for the premiums as a consideration for this contract. The risk which they insured against happened, and they now undertake to avoid payment of four-fifths of it on the ground that they did not receive written notice in ten days. The contract is plain in its terms, and no stipulation in the contract as to the time of giving the notice can reduce the liability which the company undertakes to assume, if the stipulation as to time be less than that which the statute prescribes.

The clause under consideration is an attempt to evade the statute, or amounts to an evasion of it, if it should be enforced. The clause referred to in this policy is nothing but a limitation that no suit shall be entertained to recover the full amount of the policy, unless preliminary steps looking to the suit be commenced within ten days from the accident, whereas the statute provides that there shall be no limit for less than a year. It is true that this condition excludes not all, but four-fifths, of the amount; but the principle is just the same as if it pro-

vided that no suit should be begun to recover any part of the policy unless written notice should be given within the ten days. Any contract of insurance which undertakes to relieve the insurance company from the full responsibility on its contract by requiring any kind of notice for less than the time required by the statute is in conflict with section 2575, Code of 1906, and void. The reasonableness of the time within which the notice is required might play a part in this case, were it directly involved. *Affirmed.*