Illinois Central Railroad Company *v.* Jordan.

[66 South. 406.]

1. APPEAL AND ERROR. *Former determination. Law of case. Carriers. Carriage of live stock. Claim for loss. Presentation.*
Where the supreme court on a former appeal, has held that certain evidence was inadmissible, such holding becomes the law of the case and upon a second trial such evidence must be excluded.

2. CARRIERS. *Carriage of live stock. Claim of loss. Presentation.*
Under Code 1906, section 3127, providing that limitations prescribed by statute, shall not be changed by contract, a provision in a bill of lading that no claim for loss should be valid, unless a verified claim is presented within ten days, is invalid and in a suit against a carrier for loss of freight, should be excluded from the evidence.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Suit by T. N. Jordan, against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

The next error of which we complain was the action of the trial court in sustaining the plaintiff's objection to paragraph 5 of the bill of lading, and in excluding the paragraph from consideration in this case. Paragraph 5 of the bill of lading, which covers the shipment in controversy, reads as follows: "It is further agreed by the shipper that no claim for loss or damage to stock shall be valid against said railroad company unless it shall be made in writing, verified by affidavit, and delivered to the general freight agent of the company or the agent

of the company at the station from which the stock is shipped, or the agent of the company at the point of destination, within ten days from the time said stock is removed from the cars.''

The facts of the case at bar are that these oxen were unloaded on the 13th of October, 1910, and that plaintiff's damage was at once apparent to him, but that he did not reduce his claim to writing, nor verify it by affidavit, within ten days. The fact is, the plaintiff did not give the defendant any notice at all of his alleged damage until November 5th. (22 days after the oxen were unloaded), when plaintiff wrote a letter to the claim agent of the G. & S. I. Railroad Company, at Gulfport, telling him of his loss.

It seems that immediately upon receipt of plaintiffs' letter, to wit, on the 8th, of November, the claim agent wrote back to plaintiff, telling him to put his claim in writing, and verify it by affidavit, as provided for by the bill of lading, and not getting a reply from plaintiff to the letter of November 8th, the claim agent again, to wit, on November 29, 1910, wrote to plaintiff, calling his attention to the previous letter of the 8th, and asking for affidavits, relating to the claim; but neither did plaintiff answer this letter. And when the plaintiff was asked, on the witness stand, whether or not he had ever made, or caused to be made, a written statement of his claim, verified by affidavit, and filed with either the I. C. or the G. & S. I. Railroad Companies, the question was objected to by plaintiff, and the objection sustained by the court.

It seems, therefore, that this plaintiff has reduced his claim to writing by sending the letter of November 5th, to the claim agent. But this plaintiff is in default in two particulars, to wit: First, he never verified his claim by affidavit; second, he did not file his claim with the carrier's agent within the specified ten days. Either one of these defaults is sufficient to forever bar the plaintiff from recovery in this case.

Our supreme court has repeatedly held that a stipulation contained in a bill of lading that no claim for loss or damage to the shipment will be valid unless verified by affidavit and filed with the carrier's agent within a specified number of days, is a reasonable rule, and can be enforced. 27 So. 879, 45 So. 867. The number of days specified for the filing of the claim must be reasonable. Just whether ten days is a reasonable time limit for requiring such filing, our court had not said one way or the other. But whether ten days is a reasonable time for requiring the filing of this claim is immaterial in this case, because, aside from this, the plaintiff has also failed to perform the other condition precedent to the right to recover, to wit, he has failed to verify his claim by affidavit, and that too, although the defendant's agent has written to the plaintiff several times, insisting that these affidavits be furnished, and refusing to entertain the claim until they are furnished.

*Mize & Mize,* for appellee.

This case has once been before this court on appeal from a verdict in favor of the defendant railroad company by the jury, and this court reversed it on erroneous instructions, *T. N. Jordan v. I. C. R. R. Co.,* 102 Miss. 21, and every point was raised then that is raised now, except as to the limitation clause in the bill of lading requiring the shipper to file sworn claim, in case of injury to stock, within ten days after the unloading of the stock, which we will discuss later.

McSwain's testimony that counsel for appellant now object to, to the effect that appellee had not paid him for the oxen, was objected to before by appellee and overruled and was one of the points on which this case was reversed, the court holding that McSwine's testimony to that effect was not competent. Matters of law determined on a former appeal become the law of the case and cannot be reviewed on a second appeal. *Hood-*

*less* v. *Jernigan,* 41 So. 194. All points of error adjudicated on writ of error and appeal become the law of the case, and are no longer open on the second appeal. *Purvis* v. *Frink,* 54 So. 862. All the points adjudicated upon appeal become the law of the case and are not open for discussion on a second appeal. *Fidelity & Deposit Co.* v. *Aultman,* 55, So. 273.

In the absence of statute, this is the rule in all jurisdictions we have been able to find, that, where questions have been once before the appellate court and the appellate court settled them, they become the law of the case and binding on the appellate court on a second appeal; so. counsel's contention that a peremptory instruction ought to have been given for appellant, falls within this category as the record is stronger for appellee than it was before and the court certainly held before that a peremptory instruction should not have been granted, because it reversed the case on erroneous instructions when the defendant there had received a verdict at the hands of the jury, thus passing on the question of a peremptory instruction for appellant, which is now the law of the case.

Counsel for appellant have much to say about clause five in the bill of lading, to wit: "It is further agreed by the shipper that no claim for loss or damage to stock shall be valid against said railroad company unless it shall be made in writing, verified by affidavit and delivered to the general freight agent of the railroad company, or to the agent of the railroad company at the station from which the stock is shipped, or to the agent at the point of destination, within ten days from the time stock is removed from the cars."

Counsel cite several cases on this head which are not in point, and evidently overlooked section 3127, of Code of Mississippi of 1906, which is as follows: "Period of. limitation not to be changed by contract. The limitation prescribed in this chapter shall not be changed by con-

tract between parties, and any changes in such limitation made by any contract stipulation whatsoever, shall be absolutely null and void; the object of this statute being to make the period of limitation for the various causes of action the same for all litigants." In *Dodson* v. *Western-Union*, 97, Miss. 105, a suit for non-delivery of a telegram, the telegram contained the following stipulation: "The company will not hold itself liable for errors or delays in transmission or delivery of unrepeated messages, beyond the amount of tolls paid therein, nor in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The court will, observe that in the Dodson case, the contract that the claim should be presented in writing is practically the same as the stipulation in the bill of lading in this case, except that in the Dodson case, the period is sixty days and in the instant case, ten days, within which the claim must be filed. In the Dodson case, the court held this stipulation null and void as shortening the statute of limitations. Anderson, J., delivered the opinion; a suggestion of error was filed, and Mayes, C. J., delivered the opinion overruling the suggestion of error, holding that said stipulation was null and void as it tended to shorten or control the statute of limitations.

Reed, J., delivered the opinion of the court.

This case was before the court on a former appeal. *Jordon* v. *Railroad Co.*, 102 Miss. 21, 58 So. 595.

Appellant assigns as error the action of the trial court in overruling the defendant's motion to exclude the testimony offered by the plaintiff and to direct a verdict in its favor. We cannot say that the evidence in this case on behalf of appellee is not sufficient to uphold a verdict in his favor.

The next assignment by counsel for appellant is that the trial court erred in excluding from the jury the testimony of the witness A. H. McSwain that appellee had

not paid him in full for the oxen. This point was before the court on the former appeal, and we quote from the opinion then delivered, showing that the testimony was not competent:

"It was clearly error to allow McSwain to testify that Jordan had not paid him for the oxen. The ownership of the oxen was plainly in Jordan, and whether he had paid McSwain, or not, was entirely immaterial to the issue."

This point having been adjudicated upon the former hearing of this case, the trial judge did not err in his ruling. He followed the law of the case.

Appellee also complains that the trial court committed error in sustaining plaintiff's objection to paragraph 5 of the bill of lading issued by appellant upon the shipment of the oxen claimed to have been injured. This paragraph reads:

"It is further agreed by the shipper that no claim for loss or damage to stock shall be valid against said railroad company unless it shall be made in writing, verified by affidavit, and delivered to the general freight agent of the company at the station from which the stock is shipped, or the agent of the company at the point of destination, within ten days from the time said stock is removed from the cars."

Section 3127 of the Code of 1906 provides that the periods of limitations prescribed in the chapter in the Code on limitations of actions are not to be changed in any way by contract between the parties. The section is as follows:

"The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants."

108 Miss.10

This statute was approved in the case of *Dodson* v. *Telegraph Co.*, 97 Miss. 104, 52 So. 693. We now refer to the opinions in that case, and decide that the trial court in this case was correct in excluding the paragraph from the consideration of the jury.

*Affirmed.*