STANDARD ACCIDENT INSURANCE COMPANY *v.* BROOM.

[71 South. 653.]

1. INSURANCE. *Actions on policy. Evidence. Notice precedent.*

  In an action on an accident policy, the court held that the evidence as shown in the opinion of the court was sufficient to warrant a finding that the death of assured was caused by accident.

2. INSURANCE. *Actions on policy. Notice precedent.*

  Under Code 1906, section 3127, providing that any contract changing "the limitations prescribed by this chapter" shall be null and void, a provision in an accident insurance policy requiring notice to the insurer within fifteen days after the accident for which claim is made, is void.

APPEAL from the circuit court of Lowndes county.
THOMAS B. CARROLL, Judge.

Suit by Mrs. Ida Broom against the Standard Accident Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Sturdivant, Owen & Garnett,* for appellant.

*James T. Harrison,* for appellee.

POTTER, J., delivered the opinion of the court.

Mrs. Ida Broom brought suit in the circuit court of Lowndes county against the Standard Accident Insurance Company, a corporation chartered under the laws of Michigan and doing business in the state of Mississippi, for the recovery on a certain accident insurance policy held by her as beneficiary, insuring John W. Broom against accidental death in the sum of two thousand dollars.

The declaration sets out that the deceased in attempting to reverse a locomotive engine, of which he was in

charge as engineer, had his left hand thrown violently against the corner of the cab and badly bruised and that the injury to the hand caused an embolus on the base of his brain near the medulla oblongata on the right side which caused his death. The plaintff alleged in her declaration that the insured had complied with all the requirements of the defendant company, and was neither derelict in duty nor dues, and that the defendant company was therefore indebted to her under the terms of the policy in the sum of two thousand dollars. The policy was made an exhibit to the declaration. The case was submitted to the jury, and a verdict and judgment rendered for the plaintiff for two thousand dollars the amount sued for, and from this judgment the defendant insurance company appeals.

The insurance company argues at great length that the facts in this case will not sustain a verdict for the plaintiff mainly because the phsyicians testifying for the plaintiff testified that the embolus in passing from the bruised portion of the hand to its place of lodgment at the base of the brain would necessarily pass through the minute capillaries in the lungs, and that the physicians described the embolus as being much larger than the minute capillaries through which they said it passed; therefore, it is argued their conclusions were incorrect and physically impossible. We understand from the testimony of the physicians that this embolus was a pus formation and not a solid, and therefore we are unable to say that it was beyond physical possibility or probability for this small semiliquid substance, loose in the blood vessels, to be driven through the minute capillaries of the lungs to its place of lodgment. The physicians for the plaintiff testified that this happened, the jury so found, and we cannot say that they were wrong about it.

The main contention of the defendant, however, is that the assured, the said John W. Broom, or the beneficiary named in the policy, under the terms of the policy, was duty bound to give the defendant written notice of any

accident or injury to him for which claim against the defendant could be made under said policy, with full particulars thereof, within fifteen days after the date of the accident causing the loss for which claim was made against the defendant, and that neither the said John W. Broom, nor the beneficiaries named in said policy, gave the defendant written notice within fifteen days of his alleged injury for which claim is made against the defendant under the terms of the policy. This was set up by way of affirmative matter under the general issue and by special pleas to about the same effect. The plaintiff relied in her replication and in the development of her case upon a waiver of this condition in the policy, and the brief of the appellant is largely devoted to this feature of the case, and it is perhaps thoroughly demonstrated by argument and citation of authority that this provision in the policy, if valid, was not waived. Under the decisions of our court, however, the clause thus under consideration providing for notice of the accident within fifteen days from the time of the accident is invalid.

In the case of *General Accident, Fire & Life Assurance Co.* v. *Walker,* 99 Miss. 404, 55 So. 51, this court held that under the provisions of section 2575 of the Code of 1906 that a similar clause in a contract of insurance was void. Section 2575 of the Code of 1906 is as follows:

"No company shall make any condition or stipulation in its insurance contract concerning the court or jurisdiction wherein any suit thereon may be brought, nor shall they limit the time within which such suit may be commenced to less than one year after the loss or injury, and any such condition or stipulation shall be void."

This section was repealed by charter 223 of the Acts of the legislature of 1912. Before its repeal this section made it possible for an insurance company to so contract that its policies of insurance would not be subject to the general statutes of limitation, but by terms in its policies it could provide for any period of limitation of not less than one year. Upon the repeal of section 2575 of the

Code of 1906, section 3127, a statute general in its terms,. applied to insurance contracts. This section is as follows:.

''The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null. and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants.''

There is no essential difference between the effect of the general statute above set out and the special statute (section 2575) now repealed. The interpretation applicable to section 2575 is just as applicable to section 3127. The only difference between the two statutes is that section 2575 was applicable to insurance contracts alone, while section 3127 is a general statute applicable to all contracts, including insurance contracts, since the repeal of section 2575 of the Code of 1906. Following, therefore, the decisions of the court in the cases of *Dodson* v. *Western Union Telegraph Co.,* 97 Miss. 104, 52 So. 693,. *Illinois Central R. R. Co.* v. *Jordan,* 66 So. 406, and *Assurance Co.* v. *Walker,* 99 Miss. 404, 55 So. 51, we conclude that the fifteen day notice clause in the policy under consideration is void.

*Affirmed.*