NATIONAL CASUALTY CO. *v.* MITCHELL.

(Division A.  January 11, 1932.)

[138 So. 808.  No. 29695.]

Hirsh, Dent & Landau, of Vicksburg, for appellant.

Robbins & Smith, of Vickburg, for appellee.

**Brunini & Hirsh**, of Vicksburg, for appellee.

Argued orally by **R. L. Dent**, for appellant, and by **John Brunini**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee filed this suit in the circuit court of Warren county against the appellant, National Casualty Company, seeking to recover one thousand two hundred fifty dollars on an accident insurance policy for the loss of the sight of an eye alleged to have resulted from the wrecking of a public taxicab in which he was riding. At the conclusion of the evidence, the court peremptorily instructed the jury to find for the appellee, and from the judgment entered the insurance company appealed.

The declaration alleged that the appellee received an injury and disability resulting directly, and independent of all other causes, from bodily injuries sustained through external, violent, and accident means, by the wrecking

of a public taxicab which was being driven or operated at the time of such wrecking by a licensed driver, plying for public hire, and in which he (the appellee) was traveling as a fare-paying passenger, resulting in the loss of the sight of his left eye.

By subsequent pleadings issue was joined on the following defenses to the suit: First, that the alleged injury to appellee did not result, either directly or indirectly, from the wrecking of the taxicab in which the appellee was a passenger; that his alleged injury did not result, either directly or indirectly, from such a wreck of a taxicab as was and is contemplated by the contract of insurance, and that there was not, in the eyes of the law, or in fact, a wreck of any kind; and second, that if appellee lost an eye on November 12, 1929, as a result of a taxicab wreck, as alleged in the declaration, he wholly neglected and failed to give written notice thereof to the appellant within twenty days from the date of such injury, that it was reasonably possible for him to have given the required notice, but he failed to do so until April 7, 1930, and that his failure to give such notice, in compliance with the insurance contract, forfeited his right under the contract, and precluded a recovery on the policy; and third, that his failure to comply with the terms of the policy, and to give the requisite notice, was a condition precedent to a recovery, and, as no such notice was given for several months after the alleged accident, the appellant was not liable to appellee in any sum, under the terms of the policy.

The policy sued on provides that the company will pay the assured one thousand two hundred fifty dollars for the loss of the sight of either eye as the result of the "wrecking of any public . . . taxicab . . . which is being driven or operated at the time of such wrecking by a licensed driver, plying for public hire, and in which the assured is traveling as a fare-paying passenger." Section 4 of the standard provisions in the

policy provides that "written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury;" and section 11 of the general conditions in the policy provides that "strict compliance on the part of the insured with all the provisions of the policy is a condition precedent to recovery hereunder, and any failure in this respect will forfeit to the company all rights to any indemnity."

The proof shows that the appellee took passage in a taxicab to go to his home on Clay street in the city of Vicksburg, and paid his fare; that the taxicab was a large automobile, with a partition between the front and rear seats; that, when the taxicab neared his home, he stood up to reach over this partition for the purpose of attracting the attention of the taxicab driver, and directing him to the location of his home; that the driver turned the taxicab into the curb, but the brakes on it failed to hold, and it ran against the street curb at a rate of speed of about twelve miles per hour, the left wheel of the taxicab running up onto the curb, and that by this impact of the wheel against the curb the left front tire was blown out, and the appellee was violently thrown against the partition between the seats, resulting in the loss of the sight of his left eye. The taxicab driver testified that other than the blowout of the tire there was no damage to the taxicab, but that until the tire was change or repaired he could not move the taxicab from the scene of the accident, without further seriously damaging the rim, tire, and wheel thereof, and that it only cost him seventy-five cents to have the tire repaired.

The provisions of the policy under which recovery is sought provides indemnity for the loss of the sight of an eye resulting from the wrecking of a public taxicab; and the first contention argued by appellant is that under the facts here involved there was no wrecking of the taxicab.

Webster's New International Dictionary defines the word "wreck" as meaning "to destroy, disable or seriously damage;" and in ordinary speech an automobile is said to be wrecked when it is disabled or seriously damaged, although it may not be totally destroyed or rendered incapable of use. The wreck of an automobile may mean either a total or partial destruction thereof, and, if it is damaged and disabled, neither the extent of the damage nor the cost of repairs is the sole test in determining whether or not there was a wreck of the automobile, within the contemplation of the partes to a contract of insurance. The blowout of the tire was simultaneous with the collision with the street curbing. The taxicab was thereby disabled so as to require repairs to render it suitable for further use, and, as a result of the crash and blowout of the tire, which constitutes one transaction, the appellee was injured, and we have reached the conclusion that there was a wreck of the taxicab, within the purview of the policy of insurance.

The next contention of appellant is that the terms of the policy were forfeited, as no written notice or other notice was given by the appellee within twenty days from the date of the alleged injury.

The provision of the policy upon which this contention is based is that "written notice on which claim may be based must be given the company within twenty days after date of the accident causing such injury." It is admitted that notice of the injury was not given until several months after the accident, and a decision of the question presented by this contention of counsel involves a consideration of the effect of section 2294, Code of 1930, and the decisions of this court construing it, on this provision of the policy.

Section 2294 of the Code of 1930, which is the same as section 3127 of the Code of 1906, reads as follows: "The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between

parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants."

In the case of Dodson v. Western Union Tel. Co., 97 Miss. 104, 52 So. 693, there was involved a stipulation in the contract that the claim for damages must be presented within sixty days after the message was filed for transmission, and the court held that section 3127, Code of 1906 (now section 2294, Code of 1930), rendered this stipulation ineffective and void, but expressly reserved the question as to the effect of this statute on the right of an insurance company to place in its contract of insurance a requirement that proof of loss shall be made within a certain time.

At the time the Dodson case, supra, was decided, there was in force section 2575, Code of 1906, providing, among other things, that no insurance company should make any condition or stipulation in its insurance contract limiting the time within which suit might be commenced to less than one year after the loss and injury, and that any such condition or stipulation should be void; and in the case of General Acc., Fire & Life Assurance Co. v. Walker, 99 Miss. 404, 55 So. 51, 52, it was held that a provision in an accident policy, limiting the insurer's liability to one-fifth of the amount of insurance, unless notice of the accident be given to the insurance company within ten days thereafter, is void as in contravention of the Code of 1906, section 2575, and that "any contract of insurance which undertakes to relieve the insurance company from the full responsibility on its contract by requiring any kind of notice for less than the time required by the statute is in conflict with section 2575, Code of 1906, and void." In the case of Taylor v. Insurance Co., 101 Miss. 480, 58 So. 353, it was held that section 3127, Code of 1906 (now section 2294, Code

of 1930), did not repeal section 2575, Code of 1906, which authorized insurance companies to contract that no suit shall be brought upon its policy after the expiration of one year from the loss or injury.

After the decision of the case last above mentioned, section 2575, Code of 1906, was repealed (Laws 1912, chap. 223), and in the case of Standard Accident Insurance Co. v. Broom, 111 Miss. 409, 71 So. 653, 654, there was presented the identical question that is here presented, and the court held that under section 3127 of the Code of 1906 (section 2294 of the Code of 1930), providing that any contract changing "the limitations prescribed in this chapter" shall be null and void, a provision in an insurance policy requiring notice to the insurer within fifteen days after the accident for which claim is made is void, the court saying, "Upon the repeal of section 2575 of the Code of 1906, section 3127, a statute general in its terms, applied to insurance contracts," and after quoting section 3127, Code of 1906 (which is now section 2294, Code of 1930), the court further said: "There is no essential difference between the effect of the general statute above set out and the special statute (section 2575) now repealed. The interpretation applicable to section 2575 is just as applicable to section 3127. The only difference between the two statutes is that section 2575 was applicable to insurance contracts alone, while section 3127 is a general statute applicable to all contracts, including insurance contracts, since the repeal of section 2575 of the Code of 1906. Following, therefore, the decisions of this court in the cases of Dodson v. Western Union Telegraph Co., 97 Miss. 104, 52 So. 693, Illinois Central R. R. Co. v. Jordan [108 Miss. 140] 66 So. 406, and Assurance Co. v. Walker, 99 Miss. 404, 55 So. 51, we conclude that the fifteen-day notice clause in the policy under consideration is void."

In support of its contention, the appellant relies principally upon the cases of Employers' Liability Assurance

Corp. v. Lumber Co., 111 Miss. 759, 72 So. 152, and American National Insurance Co. v. Waters, 133 Miss. 32, 96 So. 739. In the case of Employers' Liability Assurance Corp. v. Lumber Co., supra, which was decided only a few weeks after the Broom case, neither section 3127, Code of 1906, nor the Broom case was considered or referred to in the opinion of the court, but the decision was based solely upon the ground that the delay in giving notice of the suit was not detrimental to the insurer, and did not bar the employer's recovery on its policy, since the requirement of prompt notice was not of the essence of the contract, unless it materially affected the rights of the particular case. In the case of American National Assurance Co. v. Waters, supra, in stating the case and the contention of counsel for the respective parties, the court said that: ''One of the provisions of the policy, which, of course, was binding upon the insured, was that: 'Written notice of injury . . . on which claim may be based must be given to the company within twenty days after the date of accident causing such injury.' '' But in this case neither the Broom case nor the effect of section 3127, Code of 1906, was referred to or considered by the court, or by counsel in their briefs; but the decision was based solely upon the ground that no forfeiture resulted from the failure to give notice within twenty days for the reason that the policy did not expressly or impliedly provide for forfeiture for failure to give notice within that time, if notice is given in a reasonable time. In neither of these cases was the Broom case referred to, overruled, or modified, but the attempted limitation in the policy was in each case held to be ineffective to work a forfeiture, without reference to the effect of the statute upon such provisions. Manifestly, it was not the intention of the court to overrule or in any way modify the doctrine announced in the Broom case, supra; and therefore, upon the points here under consideration, that case is controlling and decisive against appellant's

contention. That such is the correct view is made manifest by an examination of the record in the case of Standard Life & Accident Co. v. Frank J. Fisher (Miss.), 80 So. 347, which affirmed without a written opinion on January 13, 1919. In that case the policy provided that any claim thereunder should be invalid, unless the insured gave reasonably immediate notice of disability or accidental injury; that the insured did not give the required notice was not controverted, and, in an effort to establish that under and by virtue of this provision there was a forfeiture, counsel for the appellant attacked the holding of the Broom case as being erroneous, while counsel for the appellee relied upon that case for an affirmance. Without a written opinion, the case was affirmed.

It is further contended that the facts are in conflict as to whether the appellee lost his eye on the occasion in question, and therefore that it was error to grant the peremptory instruction requested by him. On the day following the accident, the appellee consulted a physician, and at the trial the appellant offered this physician, in an effort to show that the loss of sight of appellee's eye was not due to an injury received the night before; but upon proper objection that under any by virtue of section 1536, Code of 1930, this testimony was privileged, the physician was not permitted to testify. The testimony of a physician offered by appellee fully supports the conclusion that the loss of the sight of the eye was the result of the accident in question, and we do not find that this testimony was contradicted. The judgment of the court below will therefore be affirmed.

Affirmed.