HARTFORD ACCIDENT & INDEMNITY CO. *v.* DELTA & PINE
LAND CO.

(Division A. Oct. 9, 1933. Suggestion of Error Overruled Nov. 6, 1933.)

[150 So. 205. No. 30445.]

William **M. Hall,** of Memphis, Tennessee, for appellant.

Sillers & Roberts, of Rosedale, for appellee.

Argued orally by **W. C. Roberts**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

A judgment was recovered against Hartford Accident & Indemnity Company, the appellant, in a suit based on a declaration filed by the Delta & Pine Land Company upon a fidelity bond covering officers and employees of the Delta & Pine Land Company for various sums set opposite the names of these officers and employees in a schedule attached to the bond and known as a fidelity schedule bond. The appellant was at the date of the contract, and since, authorized to do business in this state, and subject to process therein.

The appellee, Delta & Pine Land Company, sought to recover two thousand seven hundred three dollars and seventy-nine cents because of the alleged default of H. H. Harris, listed in all the schedules as the treasurer of the appellee at Memphis, Tennessee, and whose fidelity was indemnified by the Hartford Accident & Indemnity Company in the sum of twenty-five thousand dollars. The contract of indemnity was amended from time to time, but at all times it appeared that H. H. Harris, treasurer, was located at Memphis, Tennessee.

In the declaration it was alleged that, subsequent to the contract of indemnity, the Delta & Pine Land Company removed its office from Memphis, Tennessee, to Scott, Mississippi. The defalcations of Harris, the treasurer, for which liability was sought to be enforced against the indemnity company, were alleged to have occurred on various dates between May 9, 1929, and September 20, 1929, and all occurred in Bolivar county, Mississippi. It was further alleged that the appellee discovered these defalcations on May 24, 1931, and immediately gave notice thereof to the appellant, and within three months thereafter filed with the appellant at its home office at Hartford, Connecticut, affirmative proof of its loss, and

brought its suit within twelve months of the filing of the proof of loss. The schedule shows employees covered by the fidelity bond at Memphis, Tennessee, Scott, Lamont, Deeson, Estill, and Lake Cormorant, Mississippi. It further appears from the contract that the appellant indemnified the appellee, or the loss to it, for a specific sum as to each employee, as, for instance, H. H. Harris, treasurer, Memphis, Tennessee, twenty-five thousand dollars.

The bond contained the following provision: ''Any claim hereunder must be duly made upon the surety within fifteen (15) months after the termination of the suretyship for the defaulting employee, and no suit, action, or proceeding shall be brought hereunder by the employer against the surety after the expiration of twelve (12) months after the filing of proof of loss as above required, or, in case such limitation be void under the law of the place governing construction hereof then within the shortest period of limitation permitted by such law.''

The bond also contained the following provision: ''The Hartford Accident and Indemnity Company (hereinafter called Surety), in consideration of an agreed premium, binds itself to pay to Delta & Pine Land Co., of Mississippi, and/or Delta Farm Co., and/or Empire Plantation Co. (as their interest may appear) (hereinafter called the Employer), within sixty (60) days after satisfactory proof thereof, such pecuniary loss as the Employer shall have sustained of money or other personal property (including money or other personal property for which the Employer is responsible) through the fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication committed directly or in connivance with others by any of the employees named upon the schedule attached hereto and made a part hereof, in any position, anywhere, during the period commencing with the respective dates set opposite the names of the employees in such schedule, and ending with the termina-

tion of the suretyship for any employee by his dismissal or retirement from the service of the Employer, by the discovery of loss hereunder, or by cancellation by the Employer or the Surety.''

The appellant filed the following plea: ''Now comes Hartford Accident & Indemnity Company and for plea says that plaintiff should not have its action because plaintiff before and at the date of the contract of suretyship herein sued upon was doing business in the state of Tennessee and had its principal office at Memphis, in said State, and defendant was also then, as it is now, doing business in the state of Tennessee and had an Agency at Memphis, in said state, and plaintiff through its said office at Memphis, in said state, applied to defendant through its said Agency at Memphis, in said state, for said bond, rider and schedules containing the name of the defaulting employee, H. H. Harris, constituting said contract of suretyship, and defendant through its said Agency at Memphis, executed and delivered the same to plaintiff at its said office at Memphis, in said state, and said contract is a Tennessee contract and is governed by the laws of Tennessee and full faith and credit must be given thereto in the courts of this state under and in accordance with the requirements of article 4, section 1; article 1, section 10, and section 1 of the Fourteenth Amendment of the Constitution of the United States, and there was not then and there is not now any statute in the state of Tennessee that prohibits and renders invalid the condition or limitation in said contract hereinafter mentioned, and the highest court of the state of Tennessee, to-wit, the Supreme Court, has held and announced as the law in Tennessee in a number of its decisions, to-wit, Guthrie v. Indemnity Association, 101 Tenn. 643, 49 S. W. 829; Phœnix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S. W. 128; City of Bristol v. Bostwick, 146 Tenn. 205, 240 S. W. 774, and other cases, that such conditions or limitations in such contracts are valid and

binding; and said contracts of suretyship herein sued upon provided that any claim thereunder must be duly made upon the defendant, the surety, within fifteen (15) months after the termination of the suretyship for the defaulting employee, and plaintiff did not make claim for its loss upon defendant, the surety, within fifteen (15) months after the termination of its suretyship for said defaulting employee, Harris, in that said contract of suretyship was canceled and thereby terminated December 31, 1929, and plaintiff did not make claim upon defendant until June 22, 1931; and this defendant is ready to verify.''

To this plea the appellee filed a demurrer on the ground that the construction and validity of the provision requiring claim thereunder to be made within fifteen months after the termination of the suretyship for the defaulting employee was not to be determined by the laws of Tennessee, but by the laws of Mississippi, and that this provision violated section 2294 of the Mississippi Code of 1930 and the public policy of Mississippi; and further that the courts of Mississippi were not required to give full faith and credit thereto under and in accordance with article 4, section 1; article 1, section 10; and section 1 of the Fourteenth Amendment of the Constitution of the United States.

The court sustained the demurrer to this plea, the indemnity company declined to plead further, and thereupon judgment was rendered against it for the defalcation of Harris.

It is to be conceded that under the adjudicated decisions of the Supreme Court of Tennessee, cited in the plea, the provision for notice of fifteen months is a limitation of liability and not a limitation of action. The converse is true in Mississippi, and the provision is a limitation of the action in this case; our statute of limitation being for six years. Section 2292, Code 1930; Sovereign Camp, W. O. W., v. Miller, 125 Miss. 502, 87 So. 892;

Standard Accident Insurance Co. v. Broom, 111 Miss. 409, 71 So. 653; Illinois Central R. R. Co. v. Jordan, 108 Miss. 140, 66 So. 406; General Accident, Fire & Life Assur. Co. v. Walker, 99 Miss. 404, 55 So. 51; Dodson v. Western Union Telegraph Co., 97 Miss. 104, 52 So. 693. The cases of Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, and New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, are clearly differentiated from the others cited above, and in the case of Berry v. Lamar Life Ins. Co., supra, it is pointed out that the limitation there under review was a condition precedent to the liability imposed upon the insurance company, and not a limitation upon the time in which the action should be brought.

Viewing the contract as a whole, there is no question but that this fidelity bond, or indemnity contract, was entered into and consummated in the state of Tennessee, where the Delta & Pine Land Company had its office and also the agent of the indemnity company had its office. The policy was delivered there, and, so far as the language of the contract is concerned, as set forth in the statement of facts, this contract was a Tennessee contract. A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done. American Law Institute's Restatement of Law, Confl. of Laws (Tent. Draft No. 4), sections 370 and 371; Couret v. Conner, 118 Miss. 374, 392, 79 So. 230, and authorities there cited. And, where the contract is silent, the place of the making of the contract is presumed to be the place of performance—in this case the payment by the indemnify company of any default of any of the employees of the appellee. See Jones v. Perkins, 29 Miss. 139, 64 Am. Dec. 136.

But clearly under section 5131, Code 1930, defining insurance, this indemnity bond is a contract of insurance within the purview of that statute; and, further, it being

expressly provided therein that all contracts of insurance on property, lives, or interests in this state shall be deemed to be made therein, in our judgment, makes the contract herein under review a Mississippi contract and solvable under the laws of this state. The contract here provided or stipulated that the appellee should be indemnified from loss by the defalcation of H. H. Harris in any position anywhere, and when he, the employee and the insured herein, removed to Mississippi and there defaulted, so far as the appellee is concerned its interest was insured or indemnified by the appellant in Mississippi, and, under the provision quoted from the above statute, became operative, and this state is obligated to enforce it, as a Mississippi contract, although it contained all the elements necessary to make it a Tennessee contract, but for the statute.

This court is committed to the proposition that, if lives or property are insured in this state, although the contract be made in another state, the contract is solvable under the laws of our own state. Fidelity Mutual Insurance Co. v. Miazza, 93 Miss. 18, 46 So. 817, 136 Am. St. Rep. 534; Stuyvesant Ins. Co. v. Smith Motor Sales Co., 135 Miss. 585, 99 So. 575. The contract of indemnity in the case at bar, in our opinion, permitted the removal of employees to any place and indemnified against loss wheresoever it occurred. There being an interest of the appellee indemnified, and the employee having removed to Mississippi, and his defalcation having occurred therein, whereby the appellee sustained a loss, and under the terms of the contract no notice of said removal being required, the contract became an indemnity contract against loss of interest of the appellee in this state. When the statute declares that such a contract shall be deemed to be made in this state, it means that the conflict of law between the two states is eliminated, and thereby, under the above authorities, a contract for fifteen months' no-

208

tice was a limitation of the action enforceable as such in this state.

Affirmed.