MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N. *v.* WINTER.

In Banc.   June 12, 1950.

No. 37451  (46 So. (2d) 803)

Watkins & Eager, and Shelby R. Rogers, for appellant.

Armis **E. Hawkins** and **Claude F. Clayton,** for appellee.

**Alexander, J.**

Appellee brought suit to recover disability benefits under a policy issued by appellant for a period from March 14, 1946, to the date of the suit, August 28, 1948. The claim was computed under the following policy provision, being Part C:

"Total Accident Disability Benefits For Life

"If such injuries, as described in the Insuring Clause, do not result in any of the above mentioned specific losses but shall wholly and continuously disable the Insured

for one day or more, and so long as the Insured lives and suffers said total loss of time, the Association will pay a monthly indemnity at the rate of Fifty ($50.00) Dollars per month for the first fifteen days and at the rate of One Hundred ($100.00) Dollars per month thereafter."

The total claimed was $2,925. At the conclusion of the testimony, the court gave a peremptory instruction to the jury to find for the plaintiff in the sum of $1,462.50 "which is the sum of $50 per month benefits." From the judgment entered accordingly, the defendant appeals.

It will not be necessary to consider the alleged irregularities incident to the allowance of the peremptory instruction nor to discuss in detail the evidence relating to the fact and extent of disability, since it will be necessary to remand the cause for a new trial. Our conclusions dispose of, or dispense with, other assignments in both direct and cross-appeals.

The disability is alleged to have arisen from a personal injury suffered on October 18, 1945. There was no proof or other notice of injury made until January 1st, 1948. It is enough merely to mention that at the time of the alleged injury assured did not think that a serious or disabling injury had occurred. At the time of suit he was sixty-seven years of age, and was serving as County Superintendent of Education of Tate County. He continued to fulfill these duties. It is argued that the approach of the time for retirement was a factor in his continued performance of his work, which he claims was carried on with extra assistance. It will not be necessary to resolve the conflict regarding the extent of his disability, which in turn involves the measure of the activities in which assured engaged. He was aware of his condition long prior to giving notice to assured.

There is brought into view the following provisions of the policy, in addition to Part C quoted above:

"4. Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing

such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Association.

"7. Affirmative proof of loss must be furnished to the Association at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Association is liable, and in case of claim for any other loss, within ninety days after the date of such loss.

"17. (a) This policy does not cover death, disability or other loss sustained in any part of the world except the United States and Canada, or while engaged in military or naval service in time of war, or any act of war, or while the Insured is not continuously under the professional care and regular attendance, at least once a week, beginning with the first treatment, of a licensed physician or surgeon, other than himself; or received because of or while participating in aeronautics, except as provided in Part I; or while suffering from insanity or mental infirmity; or while the Insured is suffering from syphilis or venereal disease. Disability resulting from tuberculosis or heart trouble shall be covered only if the disease originates after the policy has been in continuous force for the six (6) preceding months.

"17. (b) Strict compliance on the part of the Insured and beneficiary with all the provisions and agreements of this policy, and the application signed by the Insured, is a condition precedent to recovery and any failure in this respect shall forfeit to the Association all right to any indemnity."

We come at once to a consideration of Paragraph 17(b). Both parties have cited the same cases to sustain their positions as to the extent of the control of Standard Provision 17(b) over the right of action. The appellee cites the policy provision that (Standard Provision 15): "If any time limitation of this policy with respect to giving notice of claim or furnishing proof of loss is less

than that permitted by the law of the state in which the Insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law," to sustain the position that Standard Provision Number 4 is void. Appellant contends that the last section is a condition precedent to any and all liability. There is no conflict that the notice or proof was not given either within twenty days after the accident or within ten days after the commencement of disability.

Our views upon such provisions began their crystallization in General Accident Fire and Life Assurance Company v. Walker, 99 Miss. 404, 55 So. 51. Although this Court referred to a clause in the policy which made the giving of due and stated notice a condition to liability, it construed this provision under Code 1906, Section 2575, which forbade any limitation upon actions under insurance policies to less than one year. In National Casualty Company v. Mitchell, 162 Miss. 197, 138 So. 808, it was pointed out that while Section 2575 was applicable only to insurance contracts, Section 3127, Code 1906, was a general statute applicable to all contracts, including insurance contracts. So that our present general statute of limitations applicable to suits upon contracts would apply.

While the writer is of the opinion that the Walker case overlooked the distinction between a provision limiting liability and one which is made precedent to any recovery, too much water has run under the bridge to alter this holding which made such a condition applicable to a statute of limitation properly so called. It is true that a distinction between conditions precedent to legal action, and those precedent to the fixation or accrual of any liability, were recognized in New York Life Insurance Company v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314; Berry v. Lamar Life Insurance Company, 165 Miss. 405, 142 So. 445, 145 So. 887; and Cox v. Lamar Life Insurance Company, Miss., 43 So. (2d) 884, where

there were distinct antecedent prerequisites to the accrual or continuance of liability, such as nonpayment of premiums or notice prior to a fixed age. The cases presenting contrary views are collected in 3 Appleman, Insurance Law and Practice, Sections 1391, 1393, 1414; 45 C. J. S., Insurance, Section 1064(b). In Berry v. Lamar Life Insurance Company, supra, the matter was thoroughly threshed, and upon a suggestion of error there were dissenting opinions which put to test the conclusions stated. The policy here involved was written in 1938 with these views long a matter of record.

In discussing conditions ''precedent to liability'', we held in Metropolitan Life Insurance Company v. Lindsey, 184 Miss. 359, 185 So. 573, 575, ''Going now to the effect of the failure to make due proof: It appears plain that, under the provisions of this policy and the decisions of our Court, due proof is a condition precedent to liability—that the cause of action does not arise until such proof is made. (Citing numerous authorities of this Court.) Such a holding does not abridge the Six-year Statute of Limitations (Sec. 2292, Code of 1930). It simply means that the statute does not begin to run until proof is made—which is the period at which the cause of action accrues.''

We do not cite further authority. Many cases are referred to in the elaborate briefs of counsel.

The requirement that due notice be given is just one as pointed out in the Berry and Lindsey cases, supra. Here the period was ''ten days after the commencement of disability.''

It is our conclusion, therefore, that appellee is entitled to show only such disability as he suffered for a period of ten days prior to his notice, on January 1st, 1948. Wherefore, the allowable period is from December 22, 1947, to the date of the suit, August 28, 1948.

As to the fact of disability, we repeat that there is sufficient conflict or uncertainty, especially as to its extent, to make an issue for the jury.

The cause is therefore reversed and remanded for a hearing upon the merits, and subject to the limitations herein expressed.

Reversed and remanded.